UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LADELL NATION HAMILTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-cv-981-JD-MGG |
| BRIAN ENGLISH, | |
| Defendant. | |

OPINION AND ORDER

Ladell Nation Hamilton, a prisoner without a lawyer, is proceeding in this case "against Warden Brian English in his official capacity to obtain a permanent injunction, if required by the Religious Land Use and Institutionalized Persons Act, to permit him to obtain a religious pendant from Amazon.com[.]" ECF 14 at 4. Warden English filed a motion for summary judgment, arguing Hamilton did not exhaust his administrative remedies before filing this lawsuit. ECF 28. Hamilton filed a response, and Warden English filed a reply. ECF 36, ECF 37. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citing *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* (citing *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). However, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). "A prisoner is required to exhaust only available administrative remedies

and a remedy is not available if essential elements of the procedure for obtaining it are concealed." *Hurst v. Hantke*, 634 F.3d 409, 411 (7th Cir. 2011) (quotation marks and citation omitted).

Both parties agree Hamilton never exhausted any relevant grievance before filing this lawsuit. Specifically, Warden English provided an affidavit from the Grievance Specialist at Miami Correctional Facility ("MCF"), who attested Hamilton never submitted or attempted to submit any formal grievance at MCF before filing this lawsuit. ECF 28-1 at 6-7; ECF 28-3. In his response, Hamilton conceded he never fully exhausted any relevant grievance before filing this lawsuit. ECF 36. The court therefore accepts that as undisputed.

Instead, Hamilton argued in his response that his administrative remedies were unavailable because he was never notified of the Offender Grievance Process, as he never received an orientation at MCF and never received an Offender Handbook or any paperwork on the Offender Grievance Process. ECF 36 at 2. In his reply, Warden English provided evidence Hamilton signed and initialed an Admission and Orientation Checklist in June 2022 stating he'd received a copy of the Offender Handbook and information about the Offender Grievance Process during his orientation. ECF 37 at 5-6; ECF 37-1.

On May 16, 2024, this court entered an order directing Hamilton to file a sur-response by June 7, 2024, responding to the evidence that he signed an Admission and Orientation Checklist in June 2022 acknowledging receipt of information about the Offender Grievance Process. ECF 38. This deadline passed two weeks ago, but

3

Hamilton has not responded. The court therefore accepts as undisputed that Hamilton signed an Admission and Orientation Checklist in June 2022 stating he'd received information about the Offender Grievance Process and a copy of the Offender Handbook during his orientation. This shows Hamilton had notice of the Offender Grievance Process.

Accordingly, the undisputed facts show Hamilton had notice of the Offender Grievance Process but did not submit or exhaust any relevant grievance before filing this lawsuit. Warden English has therefore met his burden to show Hamilton did not exhaust his administrative remedies before filing this lawsuit. Summary judgment is thus warranted in favor of Warden English.

For these reasons, the court:

(1) GRANTS Warden English's summary judgment motion (ECF 28); and

(2) DIRECTS the clerk to enter judgment in favor of Warden English and against Ladell Nation Hamilton and to close this case.

SO ORDERED on June 25, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT